CARPENTER v. NASHUA.

| 58 | 37 |
|----|-----|
| 70 | 110 |
| 58 | 37 |
| 71 | 372 |
| 71 | 373 |

When a town accepts the work of building a new highway, and ratifies its construction by paying the contractor for building it, including it in a highway district, and allowing it to be open for public travel and to be used as a highway, the town is not relieved from liability to a land-owner by reason of its improper construction, on account of an original want of authority in the town officer who made the contract for building it.

CASE, for damage caused to the plaintiff's land by the improper construction of a highway over it. The facts were found by a referee.

The highway was legally laid out, and opened to public travel, and included in one of the highway districts of the city. It was built by one Mitchell, under a contract made in behalf of the city by the highway committee of the board of mayor and aldermen. Mitchell's bill for building it was approved by the mayor and the committee on accounts, and paid by the city treasurer. The highway committee were not specifically authorized to make the contract by any vote of the city government, but acted under general powers supposed to be conferred by the rules of the board.

*Bailey*, for the plaintiff.

*Stevens* and *G. Y. Sawyer*, for the defendants.

STANLEY, J. The only question raised is, whether the road was constructed by the defendants. They claim that they are not liable for damage done the plaintiff by an improper construction of the road, because Mitchell's contract for building it was not authorized by the city councils, but only by a committee of the board of mayor and aldermen, who had no power to make such a contract. The road was legally laid out ; it was built ; the city paid for building it ; they included it in one of the highway districts of the city ; they allow it to be open for public travel, and to be used as a highway ;—this is an acceptance of the work, a ratification of the construction and of the contract therefor. By such a ratification the contract was adopted as the contract of the city, and the work of the builder became their work, as if it had been duly authorized before it was done ; and they are not relieved, by an original want of authority or formality in the contract, from liability for damage done a land-owner by its improper construction. If the plaintiff had been injured in her person by the defective construction of the road while travelling upon it, the defence here set up would be no answer to her claim. The defendants' ratification of its construction must be equally effective, whether it be her person or her property that is injured by the defect in its construction. There must be

Judgment on the report for the plaintiff.

SAWYER, J., did not sit.